**SMITH HIMMELMANN**
Attorneys at Law • A Law Corporation
**ELBRIDGE W. SMITH** [HI #2079]
**ELBRIDGE Z. SMITH** [HI #10120]
745 Fort Street, Suite 311
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5050
Fax No.: (808) 538-1382
Email: shlaw@hawaii.rr.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN W. CROWE, | ) CIVIL NO. |
| | ) |
| Plaintiff, | ) EMPLOYMENT DISCRIMINATION |
| vs. | ) COMPLAINT and CIVIL SERVICE |
| | ) REFORM ACT APPEAL; DEMAND |
| Department of the Army, | ) FOR JURY TRIAL; SUMMONS |
| DR. MARK T. ESPER, Secretary | ) |
| of the Army, | ) |
| | ) |
| Defendant. | ) |

H:\CLIENTS\Crowe\USDC\07-27-18 Employment Discrimination Complaint & Civil Service Reform Act Appeal.wpd

**EMPLOYMENT DISCRIMINATION COMPLAINT
AND CIVIL SERVICE APPEAL**

**I. JURISDICTION AND VENUE**

1.  This action seeks declaratory, injunctive, and monetary relief against the

    named Defendant in his official capacity as Secretary of the United States

    Department of the Army [herein "Agency"] for unlawful discrimination

against Steven W. Crowe, based upon his gender, and in retaliation for his prior protected equal employment opportunity ("EEO") activities, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and seeks appellate review of the decision of the United States Merit Systems Protection Board ("MSPB") sustaining Plaintiff's removal from his position of Police Officer, GS-0083-05, by Defendant as provided for in the Civil Service Reform Act of 1978, 5 U.S.C. § 7703.

2. The jurisdiction of this court is invoked pursuant to 5 U.S.C. §§ 7513 and 7703, 28 U.S.C. §§ 1331, 1343(4), 1346i, 1361, and 42 U.S.C. §§ 2000e-5 and 2000e-16.

3. Venue is proper in this Hawaii District Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f) in that the actions complained of herein took place and all of these claims arose in the State of Hawaii.

## II. PARTIES

4. Steven W. Crowe ("Plaintiff"), is a local male who at all times relevant herein was a resident of Honolulu, State of Hawaii, and was employed as a

Police Officer, GS-0083-05, at Tripler Army Medical Center ("TAMC") located in Hawaii.

5. Defendant Mark Esper is sued in his official capacity as the Secretary of the Army [hereinafter "Defendant"]. As Secretary of the Army, Defendant is responsible for employment practices and procedures within the Agency, which is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and which Agency employs over 500 employees.

### III. STATEMENT OF FACTS

6. Plaintiff was employed as a Police Officer, GS-0083-05, at Tripler Army Medical Center ("TAMC") since February 2012.

7. Plaintiff is a bi-sexual male, who alleges discriminatory harassment by Agency co-workers and superiors, and following his complaints about the harassment, was terminated.

8. Prior to his employment at TAMC, Plaintiff served in the United States Army from 1998 to 2005, where he served the United States bravely in active war zones, and was honorably discharged at the rank of E-4.

9. Plaintiff is a disabled veteran (currently 100%), for which he receives current treatment at the Department of Veterans Affairs.

10. In January 2016, Plaintiff's co-worker TAMC Police Officer Kevin Oda ("Oda"), in Plaintiff's presence, made a comment about another individual, stating words to the effect of "look at that fag."

11. In response to Oda's remark, Plaintiff stated words to the effect that he (Plaintiff) was a bi-sexual man, and that such comments were inappropriate, offensive, and unacceptable.

12. During a work presentation, Oda included Plaintiff's picture in a slideshow presentation, and told co-workers "not to be a fag" referencing Plaintiff.

13. On February 22, 2016, Oda introduced Plaintiff to a new officer as a "faggot" - specifically, Oda said "Randy meet FAG."

14. Plaintiff reported the February 22, 2016 incident via email to his chain of command.

15. On February 24, 2016, Officer Oda was issued a formal written admonishment for his use of inappropriate and unacceptable language. The admonishment noted that the same type of language and behavior had occurred in the past.

16. Officer Oda characterized his offensive statements as mere "cop talk."

17. Subsequently, Plaintiff's supervisor, Chief Michael Ballesteros, assigned Oda to conduct an investigation of allegations of misconduct by Plaintiff.

18. The allegations included a sworn statement by Plaintiff's ex-girlfriend Anela Garcia (a TAMC employee) that she and Plaintiff had engaged in sexual activity on numerous occasions, while both were on duty, in a room on the 10th floor of TAMC which does not even exist.

19. Ms. Garcia later recanted her sworn statement.

20. Subsequently, Ms. Garcia recanted her prior recantation.

21. Another allegation was that Plaintiff spent extended, excessive amounts of time talking to employees at the Veterans Administration offices.

22. Another allegation was that Plaintiff was disrespectful to a TAMC employee.

23. Prior to these allegations, Plaintiff had no disciplinary issues whatsoever, and had received an award for saving the life of a suicidal veteran.

24. Oda had no formal training on how to conduct an investigation into allegations of misconduct.

25. Oda obtained statements from several witnesses alleging that Plaintiff engaged in misconduct, and refused to include statements of individuals who would refute the misconduct.

26. Plaintiff was never interviewed by Oda regarding the allegations.

27. Plaintiff maintains that each charge is false, and denies that he committed any of the charged offenses.

28. In May 2016, Chief Michael Ballesteros removed Plaintiff from normal work duties and assigned him to administrative duties in the Tripler Police Department Control Room, pending the investigation.

29. On November 4, 2016, Michael Ballesteros presented Plaintiff with a proposed Notice of Termination from his GS-0083-05 Police Officer position.

30. On March 4, 2017, Plaintiff was terminated from his position by the Army.

## IV. **PROCEDURAL HISTORY**

31. Plaintiff has exhausted all his administrative appeal remedies.

32. On January 30, 2017, Plaintiff submitted his timely request for a hearing before the Equal Employment Opportunity Commission ("EEOC").

33. To date, Plaintiff has not been afforded an EEOC Hearing, Docket No. 480-2017-00351X.

34. Pursuant to EEOC regulations, a Complainant may file his case in U.S. District Court after 180 days have passed from when he filed his formal EEO complaint, even if he had initially elected to request an EEOC hearing.

35. On December 6, 2017, Plaintiff timely filed his mixed case termination appeal to the MSPB, raising affirmative defenses that the Agency terminated Plaintiff based on his sexual orientation, sex (male), race (Caucasian), and in reprisal for prior protected EEO activity.

36. The MSPB mixed case appeal, MSPB Docket No. SF-0752-18-0121-I-1, was heard over three (3) days - February 12, 14, and 16, 2018 by MSPB Administrative Judge Holly Parks.

37. On May 24, 2018, Administrative Judge Parks issued an Initial Decision affirming the Agency's removal action. The Initial Decision became final on June 28, 2018. The Initial Decision advised that Appellant may obtain judicial review of the decision - including a disposition of the discrimination claim - by filing a civil action with an appropriate U.S. district court, within 30 days of the Initial Decision becoming final.

38. The events described *supra*, also constitute separate claims made by Plaintiff in an administrative EEO Complaint, Agency No. ARSHAFTER 16JUN02644, on August 15, 2016.

## V. FIRST CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

39. Defendant's conduct alleged in the paragraphs above constitutes unlawful employment discrimination against Plaintiff by subjecting him to sexual harassment, a hostile work environment, and eventually terminating him from his position based on his sexual orientation, his sex (male), race (Caucasian), and based on reprisal for engaging in protected activities, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## VI. SECOND CAUSE OF ACTION
### Violation of the Civil Service Reform Act of 1978
### 5 U.S.C. § 7513

40. In this complaint, Plaintiff Crowe contests, under 5 U.S.C. §§ 7513 and 7702, his removal from his position as Police Officer at TAMC for inappropriate conduct and unprofessional behavior, and seeks this Court's review of the decision of the Merit Systems Protection Board under 5 U.S.C. § 7703:

   a. The Administrative Judge abused her discretion in failing to consider the full evidentiary record when making certain faulty factual and credibility determinations.

    b.    The Administrative Judge's adverse credibility determinations against Plaintiff were without sufficient basis in fact.

    c.    The Administrative Judge abused her discretion in failing to consider the full evidentiary record when making dispositive findings of Plaintiff's alleged misconduct.

    d.    The Administrative Judge abused her discretion and/or made a clear error in fact when she found that Plaintiff's co-worker calling him a "fag" or "faggot" made no reference to his sexual orientation.

## VII. CLAIM FOR RELIEF

41.    Plaintiff prays this Honorable Court to declare and adjudge that Defendant's conduct alleged herein constitutes unlawful discrimination based on his sex, sexual orientation, race, and participation in protected activity, and subjected Plaintiff to a hostile working environment in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

42.    Plaintiff prays this Honorable Court to declare and adjudge that the decision of the Merit Systems Protection Board is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence in violation of 5 U.S.C. 7513(a).

WHEREFORE, Plaintiff Crowe respectfully requests that this Court grant him the following relief:

1. Order that Defendant's removal of Plaintiff be set aside as an unwarranted and unjustified personnel action and he be restored to duty as of May 4, 2017;

2. Order that the Defendant pay Plaintiff compensatory damages, back pay, pursuant to the Back Pay Act 5 U.S.C. §§ 5596, and associated benefits in the amounts to be proved at trial;

3. Order that the Defendant pay Plaintiff's attorney fees and costs of this litigation and of the preceding administrative actions; and

4. Grant Plaintiff such other and further relief as this Court deems just and appropriate.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff Crowe demands a trial by jury.

DATED: Honolulu, Hawaii, this 27th day of July, 2018.

_____
Elbridge W. Smith
Elbridge Z. Smith
Attorneys for Complainant